## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CANDACE A. SANDERS,

    Plaintiff,

v.

RENTGROW, INC. and THE
COMMUNITY BUILDERS, INC.,

    Defendants.

Case No. 1:20-cv-03126

## COMPLAINT

NOW COMES Plaintiff, CANDACE A. SANDERS, through undersigned counsel, complaining of Defendants, RENTGROW, INC. and THE COMMUNITY BUILDERS, INC., as follows:

## NATURE OF THE ACTION

1.    Plaintiff is seeking actual, statutory and punitive damages, costs and reasonable attorneys' fee for Defendants' violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.    CANDACE A. SANDERS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 2740 South Prairie Avenue, Apartment 102, Chicago, Illinois 60616.

1

5.      Plaintiffs is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6.      RENTGROW INC., ("RentGrow") is a corporation organized and existing under the laws of Delaware.

7.      RentGrow has its principal place of business at 307 Waverly Oaks, Road, Suite 301, Waltham, Massachusetts 02452.

8.      RentGrow is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

9.      THE COMMUNITY BUILDERS, INC., ("TCB") is a not-for-profit corporation organized and existing under the laws of Massachusetts.

10.     TCB has its principal place of business at 135 South LaSalle Street, Suite 3350, Chicago, Illinois 60603.

11.     TCB is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

## GENERAL ALLEGATIONS

12.     RentGrow is a provider of resident screening services to property owners and managers, assisting them in making informed decisions about applicants for their properties.

13.     RentGrow's customers, typically property owners and managers, request tenant screening reports about their rental applicants to help them evaluate whether the applicant meets their requirement for renting the property.

14.     RentGrow typically receives requests for tenant screening reports through software used by the property owner or manager.

15.     When RentGrow receives a request, it electronically requests and receives credit history information about the applicant from one of the three major credit bureaus.

16.     This process causes an "inquiry" to appear on the applicant's credit history.

17.     TCB is a nonprofit real estate developer that owns or manages more than 11,000 apartments in 15 states and the District of Columbia.

## FACTUAL ALLEGATIONS

18.     Last year, Plaintiff sought housing at Oakwood Shores.

19.     Ultimately, however, Plaintiff did not qualify for low-income housing.

20.     Accordingly, Plaintiff obtained housing elsewhere.

21.     In March 2020, Plaintiff submitted a request through hotpads.com to view an open unit at Oakwood Shores.

22.     Plaintiff's request, however, went unaddressed/unresponded to.

23.     In April 2020, Plaintiff's credit-monitoring service alerted Plaintiff that, on or around April 2, 2020, RentGrow – *without Plaintiff's consent* – accessed Plaintiff's Equifax credit report.

24.     Plaintiff promptly initiated/submitted a dispute with RentGrow.

25.     On April 27, 2020, RentGrow responded to Plaintiff's dispute.

26.     RentGrow's response insinuated that TCB obtained a permissible purpose for the screening on April 2, 2020 with Oakwood Shores 1A.

27.     The twist?  Plaintiff did not submit an application with Oakwood Shores 1A this year.

28.     Upon information and belief, RentGrow and/or TCB misrepresented to Equifax that Plaintiff applied for housing.

29.     Accordingly, RentGrow and/or TCB received sensitive personal information concerning Plaintiff under false pretenses.

## DAMAGES

30.     RentGrow and/or TCB's conduct caused Plaintiff to believe she was victim of stolen identity.

31.     RentGrow and/or TCB's conduct caused Plaintiff to suffer anxiety, distrust, expenditure of time (meeting with attorneys, monitoring credit report), invasion of privacy and mental anguish.

32.     Concerned with having had her rights violated, Plaintiff was forced to retain counsel and incur attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### RentGrow's Violation(s) of 15 U.S.C. § 1681 *et seq.*

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.     RentGrow's unauthorized access to credit information**

34.     The FCRA was enacted to promote the equitable use of consumer credit information and to ensure fairness and accuracy within the credit reporting system.

35.     Section 1681b(f) provides that a consumer's credit report can only be pulled for a purpose authorized by the section itself, and any other inquiry is considered impermissible.

36.     The FCRA defines a consumer report as "any written, oral, or other communication of any information … bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used" to determine that consumer's eligibility for credit or employment purposes.  *Id*. § 1681a(d).

4

37.    Section 1681b provides a list of other permissible purposes, such as "to review an account to determine whether the consumer continues to meet the terms of the account," or for some other "legitimate business need … in connection with a business transaction."  *See id.* § 1681b(a)(3)(A)-(G)

38.    RentGrow violated § 1681b(f) when it initiated a credit inquiry with Equifax without some permissible reason to do so.

39.    15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

 (2)    such amount of punitive damages as the court may allow; and

 (3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

40.    15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

41.    RentGrow's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by

circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.  find RentGrow in violation of 15 U.S.C. § 1681b(f).

B.  award any actual damages to Plaintiff as a result of RentGrow's violation;

C.  award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.  award any punitive damages, as the Court may allow;

E.  award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.  award such other relief as this Court deems just and proper.

### COUNT II:
### TCB's Violation(s) of 15 U.S.C. § 1681 *et seq.*

42.  All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.  TCB's unauthorized access to credit information**

43.  The FCRA was enacted to promote the equitable use of consumer credit information and to ensure fairness and accuracy within the credit reporting system.

44.  Section 1681b(f) provides that a consumer's credit report can only be pulled for a purpose authorized by the section itself, and any other inquiry is considered impermissible.

45.  The FCRA defines a consumer report as "any written, oral, or other communication of any information … bearing on a consumer's credit worthiness, credit standing, credit capacity,

character, general reputation, personal characteristics, or mode of living which is used or expected to be used" to determine that consumer's eligibility for credit or employment purposes. *Id.* § 1681a(d).

46.     Section 1681b provides a list of other permissible purposes, such as "to review an account to determine whether the consumer continues to meet the terms of the account," or for some other "legitimate business need … in connection with a business transaction." *See id.* § 1681b(a)(3)(A)-(G)

47.     TCB violated § 1681b(f) when it initiated a credit inquiry with Equifax without some permissible reason to do so.

48.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (B)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

49.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

50.     TCB's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find TCB in violation of 15 U.S.C. § 1681b(f).

B.     award any actual damages to Plaintiff as a result of TCB's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 27, 2020                    Respectfully submitted,

**CANDACE A. SANDERS**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com